Dr. Richard J. Judd Acting Director Missouri Department of Revenue Jefferson Office Building Jefferson City, Missouri 65101
Dear Dr. Judd:
This letter is in response to your request for an opinion on the following questions:
 "A. May an incorporated city, town or village in the State of Missouri not having a population of five hundred or more enact a city sales tax under section 94.500 to 94.570, as amended, on September 28, 1977?
 B. Is the Director of Revenue obligated under section 94.530, RSMo to begin collecting a one percent city sales tax for the Village of Champ, Missouri, when the ordinance imposing the tax and calling for a special election to be held on September 28, 1977 was adopted and approved by the governing body of the city prior to the effective date of the amendment to section 94.500 of the City Sales Tax Act, September 28, 1977?"
House Bill No. 165 of the 79th General Assembly, which became effective on September 28, 1977, amended § 94.500, RSMo 1969, by removing the population limitation in the definition of the term "city." Prior to this time, § 94.500(1) had defined that term as meaning an incorporated city, town or village with a population of 500 or more. In addition, § 144.460, RSMo 1975 Supp., prohibited the imposition of a sales tax by any city, town or village with less than 500 inhabitants. However, it is apparent that the Legislature repealed this limitation by enacting H.B. No. 165. Under the provisions of H.B. No. 165, any incorporated city, town or village in the State of Missouri may impose a city sales tax upon its inhabitants in accordance with the provisions set forth in the City Sales Tax Act, §§ 94.500 to 94.570, RSMo 1969.
It is our understanding that the governing body of Champ, Missouri, a village of less than 500 people, passed an ordinance prior to the effective date of H.B. No. 165, imposing the city sales tax and calling for a special election to be held on September 28, 1977. In construing the provisions of the City Sales Tax Act, this office issued Opinion No. 359, on September 10, 1969, to the Honorable William C. Phelps stating that a city could not pass an ordinance levying a sales tax in accordance with the provisions of the City Sales Tax Act prior to the effective date of the Act. However, that opinion has been withdrawn.
The method by which a city sales tax can be imposed, as contained in § 94.510, RSMo 1969, is identical to that contained in House Committee Substitute for Senate Substitute for Senate Bill No. 234, 79th General Assembly, effective September 28, 1977, which authorized the imposition of a countywide sales tax. In Opinion No. 237, issued December 20, 1977, (copy attached) this office construed the activities of the governing board under the terms of S.B. No. 234 as being preliminary in nature, incomplete and ineffective until authorized and adopted by the voters. This being so, it was our opinion that actions taken by a local governing body prior to the effective date of the substantive law would not invalidate subsequent action taken pursuant to such laws.
We believe that the position set forth in Opinion No. 237 is dispositive of the issue here. In reviewing the actions of the governing body of Champ, Missouri, it is apparent that the governing body acted in anticipation of the effective date of H.B. No. 165. However, the activities of the governing body did not affect the substantive rights of taxpayers within the Village of Champ. As of the date of the special election, September 28, 1977, H.B. No. 165 was in effect and villages under 500 in population could legally impose a city sales tax.
After the tax had been adopted by a majority vote of the persons voting in the special election, the results were certified to the director of revenue in accordance with subsection 3 of § 94.510, RSMo 1969. Under these circumstances, it is our opinion that you have been presented with sufficient notice of the adoption of a valid taxing ordinance in the Village of Champ, Missouri, to cause you to perform your duties under the provisions § 94.530, RSMo. 1969.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enc: Op. No. 237 12/20/77